UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JOHN RIPPEY, )
 )
    Plaintiff, )
 )
v. ) No. 4:17-CV-00064
 ) REEVES/SHIRLEY
BEDFORD COUNTY JAIL, )
 )
    Defendant. )

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's *pro se* complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2], and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff will be granted leave to file an amended complaint.

**I.    BACKGROUND**

Plaintiff, currently an inmate at the Bedford County Jail, filed the instant action under 42 U.S.C. § 1983 against the "Bedford County Jail" [Doc. 2 p. 1]. Plaintiff asserts that he has received improper medical care and suffered unsanitary jail conditions while detained at the Bedford County Jail [*Id.* at 3–4]. He claims he has received no medical care, improper clothing and bedding, and that he is "housed in a two-man cell with five other inmates" [*Id.* at 4]. Plaintiff also alleges that toilets leak urine onto the inmates' cells and dayroom [*Id.*]. Also, Plaintiff claims his health and safety are at risk due to the housing assignments for inmates [*Id.*]. Further, Plaintiff asserts that the facility is infested with roaches and rats, and he is not allowed any sunlight or fresh air [*Id.*]. Lastly, he states that fire exits are padlocked and sprinkler systems at the jail do not work

[*Id.*]. Overall, Plaintiff asserts that the conditions at the jail, as well as improper medical care, have left him in fear for his health and safety [*Id.*]. Plaintiff requests immediate health care and payment for his medical expenses, as well as damages for his pain and suffering [*Id.* at 5].

## II. ANALYSIS

### A. Motion to Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff has failed to submit a fully compliant application to proceed *in forma pauperis*, as his application submitted on October 20, 2017 [Doc. 1] does not include a certified copy of his inmate trust account for the previous six-month period. However, Plaintiff included a certified statement by the custodian of inmate accounts at the Bedford County Jail, detailing that his trust account currently has a balance of $3.00 and the average balance in the applicant's trust fund during the last three months was $117.82 [*Id.* at 3]. Therefore, it appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is a detainee in the Bedford County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, twenty percent (20%) of

2

the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Warden of Bedford County Jail to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

      **B.**     *Sua Sponte* **Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## C. § 1983 Standard

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's complaint in its current form fails to state a claim upon which relief can be granted.[1]

## D. Claims Against the Bedford County Jail

At the outset, Plaintiff has named a non-suable entity as the Defendant in this matter. The Bedford County Jail is a building, not a suable entity within the scope of 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1,

---

[1] Courts in the Sixth Circuit have rejected heightened or lower pleading standards for § 1983 claims and instead found that *Twombly* and *Iqbal* plausibility pleading standards govern. *See e.g.*, *Hutchison v. Metro Gov't of Nashville & Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly."); *Vidal v. Lexington Fayette Urban nty. Gov't*, No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, at *3 (E.D. Ky. Sept. 8, 2014); *Kustes v. Lexington Fayette Urban Cty. Gov't*, No. 5:12-323-KKC, 2013 U.S. Dist. LEXIS 125763, at *5 (E.D. Ky. Sept. 3, 2013).

1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *see also Starnes v. Bedford Cty. Jail*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("The Bedford County Jail is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42 U.S.C. § 1983."). Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.5 (6th Cir. 2005). Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Ashcroft*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citation omitted). Plaintiff's complaint also fails to state a claim under § 1983, as Plaintiff has failed to allege the personal involvement of any named Defendant in violating his constitutional rights.

Generous construction of *pro se* complaints is not limitless; indeed, a court need not assume or conjure up claims that a *pro se* litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Thus, because the Bedford County Jail is not an entity that can be sued under § 1983, Plaintiff fails to state a claim against the Defendant.

Despite Plaintiff's deficiency, the Court does not deem it appropriate to dismiss Plaintiff's complaint at this juncture. While in its present form, his complaint does not state any claim for relief against the named Defendant, it is conceivable that Plaintiff could cure this defect in the complaint if given leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires.") *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### III. CONCLUSION

While Plaintiff's complaint as stated does not state a claim upon which relief may be granted as filed against the Defendant, some of Plaintiff's allegations could state a claim, if amended. Accordingly, Plaintiff is allowed twenty-one (21) days from the date of entry of this Order to amend his complaint as set forth below.

Based on the above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Furthermore, Plaintiff is hereby **ORDERED** to file an amended complaint—which will replace and supersede his prior complaint—**within twenty-one (21) days** of the entry of this Order. In particular, Plaintiff is **DIRECTED** to identify which Defendant(s) are responsible for the improper medical care and unsanitary jail conditions affecting his health. Plaintiff is **NOTIFIED** that failure to timely comply with this Order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b).

Plaintiff's amended complaint must comply with Federal Rule Civil Procedure 8, which provides, in relevant part, that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise,

6

and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Accordingly, Plaintiff's amended complaint should contain only concisely stated claims for violations of civil rights, in paragraphs that are labelled and clearly identify the specific causes of action that he wishes to pursue as to each defendant and the facts supporting each such claim.[2]

The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint which Plaintiff may use to draft this amended complaint.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff is further **NOTIFIED** that, under Rule 15(c), the Court may only address the merits of claims that "relate back" to the original complaint – that is, the Court can consider only those claims and allegations that "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, Plaintiff is on notice that his amended complaint is not the place for Plaintiff to set forth any wrongs of a different factual or legal nature that Plaintiff has perceived subsequent to the filing of his original complaint. Instead, the amended complaint is merely an opportunity for Plaintiff to name proper entities as defendants to this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim.